No. 53.—LEROY NAPIER, plaintiff in error, *vs.* WILLIAM T. W. NAPIER, defendant in error.

[1.] Where, by a deed of trust, the sum of fifteen thousand dollars was raised, by the voluntary contribution of certain residuary legatees, and vested in a trustee, subject to certain trusts, one of which was, that the sum of five thousand dollars, and no more, should be appropriated for the payment of the debts of the *cestui que trust*, then owing, the said trustee to judge of the justness of the debts which might be presented for payment, and of the order and proportions in which the same should be paid: *Held,* on a bill being filed by the *cestui que trust*, alleging that all his debts have been paid by the trustee, and that there remained in his hands the sum of three thousand dollars of the five thousand dollars placed there for the payment of his debts, that the *cestui que trust* was entitled to an account from the trustee therefor, and to have the same invested for his benefit.

In Equity, in Bibb Superior Court. Decided by Judge FLOYD, January Term, 1849.

The bill states, that the defendant in error, who was complainant in the Court below, was the son of Thomas W. Napier, who

departed this life in the year 183—, having previously made a will, thereby bequeathing the whole of his estate to certain legatees, and entirely cutting the complainant out of any interest in his estate. The bill further states, that after the execution of the will, and just before his death, the said Thomas Napier repented his said act, and being then unable to have his aforesaid will in writing altered, and being anxious to make a provision for the complainant out of his large estate, declared it to be his will and injunction, that out of the large mass of residuary legacies bequeathed in his will, a reasonable portion or amount of his said estate should be set apart and secured for the benefit of complainant; that certain legatees under the will, in order to carry into effect the subsequently expressed wishes of Thomas Napier in reference to complainant, on the 3d day of April, 1840, entered into certain articles of agreement, whereby the parties therein named, covenanted and agreed mutually to and with the other, to raise a fund of $15,000, by equal contributions from the mass and residue of the said testator's estate, in proportion to the amount of their respective interest therein, and to pay the same then forthwith into the hands of the defendant, and that the said sum should constitute a trust fund in his hands, and vest in him as trustee and not otherwise, for the following purposes, and subject to the following trusts, viz : to apply $5000 thereof, and not more, to the disenthralment of the complainant from the debts he then owed—said defendant to judge of the justice of the said debts which might be presented to him for payment, and of the order and proportion in which they should be paid, but in no event should more than $5000 of the said fund be applied to the payment of existing debts against complainant. " The residue of the said fund of $15,000, was to be vested in and managed by the defendant, as trustee, for the use, benefit and support of complainant, and by him employed and invested in such manner as to him shall be deemed best, and the annual profits of the same to be applied by defendant to the support of the complainant, but in no event was the principal sum to be diminished by the trustee." The bill charges, that shortly after the execution of the instrument, the sum of $15,000 was paid, according to the terms thereof, into the hands of the defendant, as trustee for complainant, and that the defendant accepted the trust and received the said sum of $15,000.

Complainant charges, that the defendant had converted a large

portion of the $5000 designed first for the payment of the then existing debts against complainant, to his own use and benefit; that the defendant had used but a small portion of the sum in payment of complainant's debts, and that he was unable to state what amount had been so applied; that the debts which have been taken up, had been bought up for a sum much less than was due thereon—the defendant sometimes paying only twenty-five cents in the dollar for the said debts—and that the defendant now claims he should be allowed the full nominal amount of the said debts, so taken up by him with a portion of the said fund of $5000.

The prayer of the bill is, that the defendant may answer and account, and that he be decreed to appropriate such portion of said $5000, remaining in his hands, to such debts as were due from complainant at the time of the execution of the articles of agreement, which in justice and equity ought to be paid under the discretion given to him, and that the defendant might pay over to the complainant the balance of the said $5000 remaining in his hands, and the profits and gains thereof, after the payment of the debts as before mentioned, or that the defendant might be decreed to use and control the said balance for the benefit of complainant, and account to him for the profits and gains thereof.

To which bill a general demurrer was filed, alleging that taking the case made by the bill to be true, it is not such a case as the defendant is bound to make answer to said bill.

The bill and demurrer were heard before Judge *Floyd*, and after argument had thereon, the same was overruled, and the defendant ordered to answer. To which counsel for defendant in the bill excepted.

In overruling the demurrer, Judge *Floyd* based his decision on two grounds:

1st. That the complainant, even though it should be conceded that he had no right to any surplus of the five thousand dollar fund, that might remain after payment of his debts, was still entitled, under the statements of the bill, to have an account from the defendant, as to the manner in which he had exercised the discretion given him in regard to the application of that fund to the payment of complainant's debts, and to have a decree that defendant should exercise his discretion in the payment of the debts under the trust deed, unless the defendant should show cause why he

declined to do so. To which decision and opinion the defendant's counsel excepted.

2d. That the complainant was entitled to sue for and recover, from the defendant, any surplus of the said five thousand dollar fund that should remain in the defendant's hands, after he had fully exercised the function of paying the complainant's debts, as committed to his discretion by the trust deed. To which opinion and decision of the Court defendant's counsel excepted, and upon these exceptions assigned errors.

CHAPPELL, for plaintiff in error.

R. HARDEMAN, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The error assigned to the judgment of the Court below is, the overruling the demurrer filed by the defendant to the complainant's bill.

[1.] The object of the bill is to require the defendant to discover in what manner he has disbursed the sum of five thousand dollars, paid into his hands for the discharge of the complainant's debts, and to account for the surplus, if any, which may remain in his hands after the payment of such debts.

The bill charges, that Thomas Napier, the father of the complainant, had made his will and excluded him as one of the legatees of his large estate; that during his last illness, he repented the act, and just before his death, too late to make any alteration in his written will, declared it to be his will and injunction, that out of the mass and residue of his large estate, bequeathed to his residuary legatees, a reasonable portion or amount thereof, should be set apart and secured for the benefit, maintenance and support of the complainant. In pursuance of this request and injunction of the testator, his residuary legatees entered into a written stipulation to carry the same fully into effect. After reciting the request and injunction of the testator as above expressed, the residuary legatees raised, by voluntary contributions, and conveyed to Leroy Napier, the sum of fifteen thousand dollars, as a trust fund, for the following purposes, and subject to the following trusts, namely: five thousand dollars thereof, and not

more, to the disenthralment of the complainant from the debts which he then owed—said trustee to judge of the *justness* of the debts which might be presented to him for payment, and of the *order* and *proportions* in which they should be paid; but in no event was more than five thousand dollars to be taken from the fund of fifteen thousand dollars, for the payment of complainant's existing debts.

The residue of said fund of fifteen thousand dollars, to wit: the sum of ten thousand dollars, to be vested in the trustee, and managed by him, for the use, benefit and support of the complainant, as to him should be deemed best and most judicious. The only controversy is with respect to the five thousand dollars, directed to be appropriated for the payment of the complainant's debts, by the trustee. The plaintiff in error insists, that the sum of five thousand dollars was held by him as a trustee, for the creditors of the complainant, and that, after the payment of his debts, he is entitled to hold the overplus as a trustee for the donors of the deed. The answer to that view of the case is, that there is no reversionary clause in the deed, which entitles them to such overplus. The fifteen thousand dollars was conveyed by the donors to the trustee, in accordance with the wishes of Thomas Napier, during his last illness, for the maintenance and support of the complainant, and is so stated on the face of the deed. The fifteen thousand dollars was raised and appropriated by the residuary legatees of Thomas Napier, deceased, for the *benefit of the complainant*, and not for the benefit of the donors, in any event, so far as appears on the face of the deed itself. The debts, it is alleged, have all been paid, and, as we are bound to presume, according to the *discretion* of the trustee, consequently he is no longer a trustee for the *creditors* of the complainant. The complainant alleges, that the trustee has now remaining in his hands, the sum of three thousand dollars, of the aforesaid sum of five thousand dollars, after the payment of all his debts, and the question is, whether the trustee is entitled to keep it for his *own use*, or to retain it for the *donors*, or be decreed to hold it in trust for the complainant? There is no clause in the deed which will entitle the donors to the fund, conveyed by them for the benefit of the complainant, according to the wishes and injunctions of the deceased testator, as expressed on the face of the deed, and we are not aware of any principle by which it will result to them by

*operation of law.* The creditors of the complainant are not entitled to it, because their debts are all paid. The trustee is not entitled to it for his own use, for it is a well established rule in Equity, that a trustee is not permitted to make any profit to himself in any of the concerns of his trust. 1 *Story's Eq.* §465. *Docker vs. Somes,* 2 *Mylne & Keen,* 664. We think that from a fair construction of this deed of trust, the complainant is entitled to the surplus of the five thousand dollars, after the payment of his debts, according to the discretion of the trustee. That discretion of the trustee in regard to the payment of the complainant's debts, has already been exercised in their extinguishment. According to the allegations in the bill, there are not now any debts of the complainant in existence, with regard to the payment of which the *discretion* of the trustee can be exercised. The wishes and injunctions of the deceased testator, during his last illness, were, that out of the mass and residue of his estate, a reasonable amount should be set apart and secured as a fund for the maintenance and support of the complainant, and the deed of trust purports, on its face, to have been executed for the purpose of carrying into effect such wishes and injunctions of Thomas Napier, the deceased testator. The *leading object* of the deed of trust was, to set apart and secure a reasonable amount of money, as a fund for the maintenance and support of the complainant. The payment of his just debts was for his benefit, and in the opinion of all honest and well disposed persons, would be considered at least necessary for his *decent* maintenance and support with credit to himself and his family connexions. The donors of the deed were willing that five thousand dollars of the fund raised for his benefit, should be appropriated for the payment of his debts, but no more. Well, his debts have all *been paid,* and there remains a balance in the hands of the trustee of three thousand dollars of the fund originally raised, for *his benefit,* by the residuary legatees under his father's will, and in accordance with the request and death-bed injunctions of the testator, and we are of the opinion he is entitled to have the discovery prayed for from the trustee, and to have the surplus remaining in his hands, after the payment of all his debts, invested for his benefit.

Let the judgment of the Court below be affirmed.